HANCOCK CONSTRUCTION CO., AND AFFILIATED COMPANIES, JUMEL REALTY & CONSTRUCTION CO., AND PHILMONT REALTY CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11758.   Promulgated April 24, 1928.

*Jacob Meirowitz, Esq.*, for the petitioners.
*P. J. Rose, Esq.*, for the respondent.

OPINION.

Love: The Commissioner concedes that, under the provisions of section 204 (b) of the Revenue Act of 1918,[1] if the Robbins Construction Co. was affiliated with the other four companies during 1920, the net loss of the consolidation for 1919 should be applied against the consolidated net income for the year 1920, or, in other words, that he erred in failing to apply against the consolidated net income for 1920 the proportionate part of the consolidated net loss for 1919 which was attributable to the loss sustained by the Robbins Construction Co., which was during 1919 a member of the affiliated group. Thus the question as to whether the Robbins Construction Co. was, during 1920, affiliated with the petitioners and the Ira Realty Co., admittedly affiliated during that year, is presented.

In denying that the Robbins Construction Co. was, during 1920, affiliated with the other four members of the consolidation, the Commissioner takes the positions that (1) substantially all of the stock of the five companies was not owned or controlled by the same interests, as required by section 240 (b) of the Revenue Act of 1918,[2] in that Mrs. Meirowitz did not own stock in any of the companies other than the Robbins Construction Co., and that (2) the Robbins Construction Co., even if in existence during 1920, was not active.

After carefully considering all of the evidence, we are satisfied that the same interests owned or controlled within the meaning of section 240 (b) of the Revenue Act of 1918, *supra*, substantially all of the stock of the corporations in question. Accordingly, we must hold the Commissioner's first position to be untenable.

---

[1] Sec. 204. (b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.

[2] Sec. 240. (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

We pass, therefore, to the consideration of the second position taken by the Commissioner in support of his contention that the Robbins Construction Co. was not affiliated during 1920.

The evidence adduced clearly establishes the fact that during 1920 the Robbins Construction Co. was merely inactive. It had not been dissolved either voluntarily or involuntarily. Its stock was still outstanding, held as above indicated, and it was in a position to transact business. Does the fact that this company was inactive and made no return for 1920 because it had no income or expense preclude it from being a member of an affiliated group of corporations, provided the other requisites of the statute have been met? We think not.

It is agreed by the parties hereto that the consolidation sustained in 1919 a net loss, a large proportion of which was attributable to the Robbins Construction Co. It seems clear to us that both the letter and spirit of the law require that, under the circumstances disclosed herein, the proportionate part of the loss for 1919 attributable to that company be reflected in the 1920 income of the consolidation which, as indicated, should include the Robbins Construction Co.

Section 240 (b) of the Revenue Act of 1918, *supra*, does not indicate that activity on the part of a corporation is essential to affiliation. The letter of the statute, as applied to the instant case, requires that substantially all of the stock be owned or controlled by the same interests which own or control the stock of the other companies, a fact which we have hereinabove found to exist.

In *Gould Coupler Co.*, 5 B. T. A. 499, we said, at page 519:

* * * The record shows merely that the two subsidiaries discontinued business and that the parent company charged off their indebtedness to it and also its investment in their stock. There is no evidence of what assets the subsidiaries had, or that they did not have any, and there is nothing to show that their assets were liquidated. There is nothing showing that the parent corporation did not continue to control the stock. Hence the subsidiaries continued to be members of the affiliated group. During the continuance of this status intercompany obligations are disregarded for the purposes of the tax. We are not called upon, therefore, to decide questions which would arise if the affiliated group were broken up by the dissolution of some of the members.

We are of the opinion, therefore, that the Commissioner erred in determining that the Robbins Construction Co. was not, during 1920, affiliated with t' ) petitioners and the Ira Realty Co. Accordingly, his action in refusing to apply against the consolidated net income for 1920, the proportionate part of the consolidated loss for 1919 attributable to the Robbins Construction Co. is reversed.

*Judgment will be entered on 15 days' notice, under Rule 50.*